Ilsley, J.
This is an application to this Court for a mandamus to direct the Judge of the Fourth District Court of New Orleans, to grant a suspensive appeal in the suit in the said District Court pending, of Eliza W. Walsh, wife of Woodville Latham, v. Daniel Hicky, No.—, cn the relator’s (Daniel Hicky) furnishing an appeal bond for two hundred and fifty dollars.
The object of the plantiff’s action against the relator in the above-described suit, was to obtain the judgment which he did to annul a certain sale and transfer of all the right, title and interert, of the plantiff, Eliza W. Walsh, in the real and personal estate, appertaining and belonging to the successions of her deceased grandparents, Philip and Anna Hicky, with the revenues, etc., and from the said judgment of nullity, which ‘1 restored the plaintiff to the position she would have had and held, had such sale and transfer never been made.” The proceeding is now taken by the relator to obtain a suspensive appeal by furnishing the bond tendered by him.
The relator contends, in this Court, that the judgment of which he complains does not condemn him to pay any sum of money whatever, and that it does not decree the delivery of any real estate, and that he is entitled to a suspensive appeal on his furnishing an appeal bond for the amount above stated.
The Judge, in his answer to the order, states as a reason for requiring an appeal bond for fifteen thousand dollars, that the plaintiff’s succession rights, being by law an immovable, the standard for security to supercede proceedings pending the appeal prayed for, is that prescribed in article 577 of the Code of Practice; that neither of the articles 575 and 576, the *109 only other ones in that Code, which treats of suspensive appeals, are applicable to the said appeal.
In this last position of the learned Judge, he is certainly correct; but we are unable to perceive how article 577 can be applied to the appeal in question. That article refers to judgments decreeing the delivery of real estate; and no delivery of real estate to the plaintiff is ordered by the decree; and if the decree, which requires the mere status of the plaintiff as heir of her grandparents, did contemplate the delivery to her, by the defendant, of her succession rights, of whioh nothing tangible therein is it shown ever came unto his possession. Still, article 577 has only reference to real estate; that is, to sensible, corporeal, immovable property, etc., (C. C. 453, §2; Bouvier’s Law Die. verbo Heal Property.,;) and not to mere incorporeal things; such as an inheritance, or rights of an heir in a succession. See Inst, de reb., corp. et ineorp., Domat, Prel. B., Tit. 3, Par. 3; and 462 C. C. La.
True, article 463, §3, classes among immovables from the objects to which they apply, “ an action for the recovery of an immovable estate, or an entire succession; and this may or not embrace, not only the action to recover an entire succession, but the right itself to a fractional part of a succession. But such an immovable, a mere indeterminate incorporeal right, a residuum, is not the fixed, specific real estate, of which article 577 makes mention, so as to determine the amount of an appeal bond to be furnished in the present case.
There being, then, no standard fixed specially by law, as to the amount of an appeal bond required to operate a supersedeas, in such a case as the one now presented, pending the appeal, we think the Judge should have allowed the suspensive appeal upon the bond for two hundred and fifty dollars tendered by the appellant, a sum amply sufficient to cover the costs of appeal. See 10 An. 345; 19 An. 505.
In Seddon v. Templeton, 7 An. 127, this Court said: The law often vests Judges with discretion, which, when legally and not arbitrarily exercised, appellate tribunals should not interfere with; but, when by abuse of such discretion, the right of a litigant to have his cause placed in such a condition as to enable him to have the benefit of the appellate jurisdiction which the Constitution has conferred upon him; and he may legally invoke the remedy which has been resorted to by him in this proceeding.
It is therefore ordered, adjudged and decreed, that a peremptory mandamus be issued from this Court, ordering the Judge of the Fourth District Court of New Orleans, to grant a suspensive appeal in the case of Eliza W. Walsh, wife of Woodville Latham, v. Daniel Hicky, No.—, pending in said Court, on the appellant’s filing in said Court, in the said suit, an appeal bond, with security conditioned as the law requires, in the sum of two hundred and fifty dollars.